UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

MATTHEW M. NORTON, §
§
PLAINTIFF, §
§
v. § Civil Action No. 4:18-cv-01354
§
TRELLIS COMPANY, §
§
DEFENDANT. §

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, TRELLIS COMPANY, Defendant in the above- entitled and numbered cause, and in response to this Court's Order of May 1, 2018 would respectfully show unto the court as follows:

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

**Plaintiff never contacted the undersigned to discuss a discovery and case management plan as required by Rule 26(f). The undersigned attempted to contact Plaintiff by email on August 10, 2018 but has received no response from Plaintiff.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**Defendant is not aware of any cases related to this one that are pending in any state or federal court.**

3. Briefly describe what the case is about.

**Plaintiff alleges that Defendant violated various federal laws and various rights guaranteed under the U.S. Constitution by mailing documents related to an administrative wage garnishment. Defendant denies that it violated the statutes cited in Plaintiff's Amended Complaint and denies that it has violated Plaintiff's constitutional rights. Furthermore, Plaintiff's amended complaint fails to state a claim upon which relief can be granted.**

4. Specify the allegation of federal jurisdiction.

**Defendant removed this case to this Court because it is a civil action arising under the Constitution, laws, or treaties of the United States, thus this Court has jurisdiction under the provisions of 28 U.S.C. § 1331.**

5. Name the parties who disagree and the reasons.

**Defendant is not aware of Plaintiff's position on jurisdiction. However, Plaintiff did not move to remand this action and he filed an Amended Complaint with this Court on July 20, 2018.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Defendant is not aware of any additional parties that should be included in this action.**

7. List anticipated interventions.

**Defendant does not anticipate any interventions.**

8. Describe class-action issues.

**Plaintiff has not asserted any class claims and Defendant is not aware of any class-action issues.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Neither party has served initial disclosures and the undersigned has been unable to reach Plaintiff to discuss the exchange of initial disclosures. However, Defendant intends to file a motion to dismiss on the grounds that Plaintiff's amended complaint fails to state a claim upon which relief can be granted. Defendant requests that the parties be excused from making initial disclosures until after this Court has ruled upon Defendant's forthcoming motion to dismiss.**

10. Describe the proposed agreed discovery plan, including:
    a. Responses to all the matters raised in Rule 26(f).
    b. When and to whom the plaintiff anticipates it may send interrogatories.
    c. When and to whom the defendant anticipates it may send interrogatories.
    d. Of whom and by when the plaintiff anticipates taking oral depositions.
    e. Of whom and by when the defendant anticipates taking oral depositions.
    f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.
    g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

h. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff never contacted the undersigned to discuss a discovery and case management plan as required by Rule 26(f). The undersigned attempted to contact Plaintiff by email on August 10, 2018 but has received no response from Plaintiff. Defendant requests that the parties be excused from proposing a discovery plan until after this Court has ruled upon Defendant's forthcoming motion to dismiss.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Plaintiff never contacted the undersigned to discuss a discovery and case management plan as required by Rule 26(f). The undersigned attempted to contact Plaintiff by email on August 10, 2018 but has received no response from Plaintiff. Defendant requests that the parties be excused from proposing a discovery plan until after this Court has ruled upon Defendant's forthcoming motion to dismiss.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**To date, no discovery has been undertaken by either party.**

13. State the date the planned discovery can be reasonably completed.

**Defendant anticipates that discovery can be completed within 120 days, but requests that the parties be excused from commencing discovery until after this Court has ruled upon Defendant's forthcoming motion to dismiss.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Plaintiff never contacted the undersigned to discuss a discovery and case management plan as required by Rule 26(f). The undersigned attempted to contact Plaintiff by email on August 10, 2018 but has received no response from Plaintiff. However, Defendant's position is that this action must be dismissed because Plaintiff cannot state a claim upon which relief can be granted.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Defendant anticipates filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**At this time, Defendant does not believe that any alternative dispute resolution techniques are suitable.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**Plaintiff has not contacted the undersigned for the purpose of discussing consent to a magistrate judge, and the undersigned has been unable to reach Plaintiff to discuss this possibility.**

18. State whether a jury demand has been made and if was made on time.

**No jury demand has been made in this case.**

19. Specify the number of hours it will take to present the evidence in this case.

**Plaintiff's amended complaint fails to state a claim upon which relief can be granted. However, should this case go to trial then Defendant believes that a bench trial can be conducted in one day.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Defendant filed a Motion to Dismiss on May 22, 2018. However, Plaintiff filed an amended complaint on July 20, 2018. In response to the amended complaint, Defendant filed a Motion for More Definite Statement on August 3, 2018, which remains pending. Defendant anticipates filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).**

21. List other motions pending.

**No other motions are pending.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**Defendant is not aware of any matters peculiar to this case.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Defendant filed its Disclosure of Interested Parties on May 17, 2018. Plaintiff has not filed a Disclosure of Interested Parties.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Keith Wier - Attorney for Defendant**
**SBN: 21436100**
**6136 Frisco Square Blvd., Suite 400**
**Frisco, Texas 75034**
**(469) 375-6792**
**kwier@mauricewutscher.com**

**Matthew M. Norton - Plaintiff Pro Se**
**15127 Snow Hill Ct.**
**Sugar Land, Texas 77498**
**(832) 774-4327**
**Mnorton1287@gmail.com**

    Respectfully submitted,

    MAURICE WUTSCHER LLP

    //s// Keith Wier
    Keith Wier; SBN: 21436100
    6136 Frisco Square Blvd., Suite 400
    Frisco, Texas 75034
    Telephone: (469) 375-6792
    Telecopier: (888) 852-5729
    Email: kwier@mauricewutscher.com

    **ATTORNEY FOR DEFENDANT**
    **TRELLIS COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all parties or counsel of record via electronic mail and regular mail on this 13th day of August 2018, as follows:

MATHEW M. NORTON
15127 Snow Hill Ct.
Sugar Land, TX 77498
Mnorton1287@gmail.com

    //s// Keith Wier
    Keith Wier