UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW M. NORTON, | § § § | |
| PLAINTIFF, | § § § | |
| v. | § § | CIVIL ACTION NO.: 4:18-cv-1354 |
| TRELLIS COMPANY, | § § § § | |
| DEFENDANT | § § | |

**DEFENDANT TRELLIS COMPANY'S
RULE 12(B)(6) MOTION TO DISMISS**

Defendant Trellis Company ("Trellis"), by and through its attorneys, move pursuant to Fed. R. Civ. P 12(b)(6) to dismiss Plaintiff Matthew M. Norton's ("Plaintiff's") Amended Complaint with prejudice (the "Motion").

## INTRODUCTION

This suit was originally filed in the Justice Court, Precinct 4, in and for Fort Bend County, Texas, as Cause No. 18-JSC41-01448, styled *Matthew M. Norton v. Trellis Company*. Trellis removed the case to this court on April 20, 2018. On May 22, 2018, Trellis moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 4). Rather than respond to Trellis's initial motion to dismiss, Plaintiff filed an Amended Complaint on July 20, 2018. (Doc. 5).

Because the amended complaint fails to comply with Fed. R. Civ. P. 8(a), Trellis filed a Motion for More Definite Statement on August 3, 2018. (Doc. 6). That motion is still pending. However, after considerable effort Trellis has managed to decipher Plaintiff's allegations. In summary, Plaintiff alleges that Trellis issued a wage withholding order to Plaintiff's employer.

However, this is a lawful act that guaranty agencies, such as Trellis, are authorized to undertake pursuant to the Higher Education Act. *See* 20 U.S.C. § 1095a. This action thus cannot support the various constitutional and statutory violations alleged by Plaintiff, and each claim fails as a matter of law. Also, because Plaintiff's claims are based on lawful actions, a further amendment would be futile. Therefore, Plaintiff's claims should be dismissed with prejudice and without leave to file a second amended complaint.

## SUMMARY OF FACTS

The following operative facts are taken from Plaintiff's Amended Complaint (Doc. 5) and are deemed to be true[1] for the purpose of this Motion to Dismiss:

1.  On April 14, 2016, Defendant mailed a "Notice Prior to Administrative Garnishment." (Doc. 5, p. 1; Exhibit A to Doc. 5).

2.  On or about May 21, 2016[2], Defendant mailed an "Order of Withholding From Earnings" ("Withholding Order") to Plaintiff's employer, Sight & Sound Television LLC "Sight & Sound." (Doc. 5, p. 1; Exhibit E to Doc. 5).

3.  After conferring with Plaintiff, Sight & Sound decided that it would not comply with the Withholding Order. (Doc. 5, p. 1)

---

[1] Many of the so-called "Irrefutable Facts of the Controversy" (Doc. 5, pp. 4-5) are actually conclusions of law or conclusory statements that need not be accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Specifically, the allegations contained in ¶¶ 1, 2, and 6 on page 4 of the Amended Complaint are conclusory statements that should not be accepted as true and thus are not listed as "facts" in this section.

[2] Plaintiff alleges that this document was mailed on May 16, 2018, but the document itself reflects an issuance date of May 21, 2018. Also, the July letter indicates that this document was issued on May 20, 2016. The exact date of mailing is not pertinent to a determination of this motion because each of these dates is more than thirty days after the date of the notice (*See* 20 U.S.C. § 1095a(a)(2)). Defendant uses the date reflected on the document itself. *See* Doc. 5 at Exhibit E.

4.     On July 7, 2016, Defendant mailed a "Second Notice" letter to Sight & Sound, informing it of the consequences of failing to comply with the Withholding Order. (Doc. 5, p. 1; Exhibit F to Doc. 5).

5.     In response to the Second Notice, Plaintiff mailed a document titled "Affidavit of Fact – Requesting for Discovery," in which he requested verification of his debt and also requested numerous documents. (Doc. 5, pp. 1-2; Exhibit B to Doc. 5).

6.     Trellis responded to Plaintiff's "Affidavit of Fact" by letter dated July 25, 2016. (Doc. 5, p. 2; Exhibit D to Doc. 5). [3]

7.     In Late July 2016, Sight & Sound began withholding Plaintiff's earnings pursuant to the withholding order. (Doc. 5, p. 2; Exhibit F to Doc. 5).

8.     Trellis intercepted Plaintiff's federal tax refunds in the years 2012-2016. (Doc. 5, p. 4 at ¶ 3).

9.     Trellis garnished Plaintiff's wages with Sight & Sound and with his previous employer, AT&T, during the years 2015-2017. (Doc. 5, p. 4 at ¶ 4).

10.    Plaintiff has incurred financial damages in the amount of $14,213.96 as the result of wage garnishments and/or intercepted tax refunds (Doc. 5, p. 4 at ¶ 5).

11.    Trellis, formerly known as Texas Guaranteed Student Loan Corporation, is a nonprofit corporation, is registered and bonded, and is authorized to act as a debt collector. (Doc. 5, p. 4 at ¶ 7; Exhibit C to Doc. 5).

12.    Plaintiff was denied employment due to information furnished to the credit reporting agencies by Trellis. (Doc. 5, p. 5 at ¶¶ 9-10; Exhibit H to Doc. 5).

---

[3] Some of the words in this exhibit are obscured by a note that appears to have been affixed to the page by Plaintiff prior to copying or scanning.

## STANDARD OF REVIEW

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do …" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

Dismissal is appropriate when the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" and therefore fails to "raise a right to relief above the speculative level." *Montoya* at 148 (*quoting Twombly*, 550 U.S. at 570).

## ARGUMENT

Trellis Company, formerly known as Texas Guaranteed Student Loan Corporation, is a "guaranty agency" pursuant to the Higher Education Act ("HEA"). *Wagstaff v. United States*, 111 Fed. Cl. 754 (Fed. Cl. 2013); *Gingo v. United States Dep't of Educ.*, 149 F. Supp. 2d 1195 (E.D. Cal. 2000); *Tex. GSL Corp. v. Jarrell Fab. & Welding, Inc.*, No. 1:15-cv-246, 2016 U.S. Dist. LEXIS 37728 (E.D. Tex. Feb. 22, 2016); *Tex. GSL Corp. v. Cmty. Check Cashing, LLC*, No. SA-13-CV-00390-DAE, 2013 U.S. Dist. LEXIS 114607 (W.D. Tex. Aug. 14, 2013). The HEA defines a guaranty agency as "any State or nonprofit private institution or organization with which the Secretary has an agreement under section 1078(b) of this title." 20 U.S.C. § 1085(j); *see also* 34

4

C.F.R. 682.200 (defining "guaranty agency" as "[a] State or private nonprofit organization that has an agreement with the Secretary under which it will administer a loan guarantee program under the Act."). Guaranty agencies are expressly authorized to engage in collection activities and are mandated by federal regulations to engage in "due diligence" to collect on defaulted loans. *Bennett v. Premiere Credit of N. Am., LLC*, 504 F. Appx. 872, 876 (11th Cir. 2013) (*citing* 34 C.F.R. § 682.410(b)(6)(i)). Importantly, there is no private right of action under the HEA. McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1221 (11th Cir. 2002) ("nearly every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions").

Among the collection tools available to guaranty agencies is the administrative wage garnishment, by which a guaranty agency can "contact a debtor's employer and issue a withholding order demanding that the employer garnish the debtor's wages." *Id*. (*citing* 20 U.S.C. § 1095a(a)(6)). These wage garnishments are not constrained by state restrictions on garnishments because "the HEA 'preempts [] those provisions of state law that would otherwise prohibit or hinder the ability of a guaranty agency to garnish a debtor's wages.'" *Id.* at 879 (*quoting Cliff v. Payco Gen. Am. Credits, Inc*., 363 F.3d 1113, 1125 (11th Cir. 2004)). However, debtors have an opportunity to object to the garnishment and request a hearing. *See* 20 U.S.C. § 1095a(b). Trellis's April 2016 letter provided Norton with notice of these rights. *See* Exhibit A to Amended Complaint (Doc. 5, p. 8).

Norton also vaguely alleges that his federal tax refunds were intercepted in years 2012-2016. However, Norton does not allege that Trellis intercepted those refunds, and the exhibit attached to his amended complaint reflects that it was the Department of Education that triggered this intercept. *See* Exhibit G to Amended Complaint (Doc. 5 at p. 22). Furthermore, Congress has

authorized the Secretary of the Treasury to apply a taxpayer's overpayment to debts owed to the federal government. *See* 26 U.S.C. § 6402(d)(1); 31 U.S.C. § 3720A(c).

### I. Norton's Statutory Causes of Action

Norton purports to assert causes of action pursuant to five federal statutes, but each cause of action fails as a matter of law and should be dismissed.

#### A. 42 U.S.C. § 1983 – Deprivation of Rights Under Color of Law

To state a cause of action under § 1983, a plaintiff "must allege that the person who deprived him of a federal act was acting under color of law." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (*citing Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994)). Furthermore, to hold private citizens or private companies, such as Trellis, liable under § 1983, "the plaintiff must allege that the [private company] conspired with or acted in concert with state actors." *Id.* (*citing Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir.1989)). The Fifth Circuit has held that a non-state actor may be liable under 1983 if the private citizen was a "willful participant in joint activity with the State or its agents." *Cinel*, 15 F.3d at 1343. To make this showing, the plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Id.* Furthermore, "allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester*, 354 F.3d at 420 (*citing Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)).

Norton has not alleged any agreement between Trellis and a public actor to commit an illegal act. While Norton could amend his claim to assert an agreement between Trellis and the Department of Education pursuant to 20 U.S.C. § 1078(b), such an amendment would be futile because Norton cannot show that Trellis and the Department of Education agreed to commit an illegal act. As demonstrated above, the actions allegedly undertaken by Trellis were authorized by the Higher Education Act. Furthermore, a plaintiff cannot maintain § 1983 claims with regard to

administrative wage garnishments because the Higher Education Act does not have a private right of action. *Williams v. Tenn. Student Assistance Corp.*, No. 3:16-cv-52, 2017 U.S. Dist. LEXIS 6779 at * 10-11 (E.D. Tenn. Jan. 18, 2017). Therefore, Norton's § 1983 claim fails as a matter of law and should be dismissed with prejudice without leave to amend.

### B. 18 U.S.C. § 241 – Conspiracy to Deprive Rights
### 18 U.S.C. § 242 – Deprivation of Rights Under Color of Law

Norton cannot state a claim under these criminal statutes because they provide no basis for civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). As such, his claims against Trellis under these two statutes should be dismissed with prejudice and without leave to amend.

### C. 18 U.S.C. § 1341 – Frauds and Swindles
### 18 U.S.C. § 1343 – Fraud by Wire, Radio, or Television

Likewise, there is no private right of action under the federal mail fraud and lottery statutes, thus his claims under these two statutes should be dismissed with prejudice and without leave to amend. *Bell v. Health-Mor, Inc*., 549 F.2d 342, 346 (5th Cir. 1977).

### D. Fair Credit Reporting Act

Although Plaintiff has not explicitly stated a claim under the FCRA, he alleges that he has been damaged by information furnished to the credit reporting agencies. (Doc. 5, p. 9). However, any such claim would fail as a matter of law because there is no private right of action for violations of 15 U.S.C. § 1681s-2(a), which requires furnishers to provide accurate information to credit reporting agencies. *Young v. Equifax Credit Info. Servs. Inc*., 294 F.3d 631, 639 (5th Cir. 2002). The Fifth Circuit in *Young* declined to decide whether a private right of action exists for violations of 15 U.S.C. § 1681s-2(b), which sets forth the duties of furnishers after a consumer reporting agency gives the furnisher notice of a consumer's dispute. *Id*. However, the court held that even if private right of action exists, a plaintiff must allege that he disputed information with a credit

reporting agency, which then notified the information furnisher of that dispute, as "[s]uch notice is necessary to trigger the furnisher's duties under Section 1681s-2(b)." *Id*. Because Plaintiff's amended complaint is devoid of any allegations related to dispute to a credit reporting agency, and subsequent notification of that dispute by the CRA to Trellis, any claim asserted under the FCRA should be dismissed with prejudice.

## II. Norton's Constitutional Claims

### A. Fifth Amendment

Plaintiff asserts that the administrative wage garnishment violated his Fifth Amendment right to due process. Due process requires notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 105 S. Ct. 1487 (1985). Because the administrative wage garnishment process under 20 U.S.C. § 1095a requires notice and an opportunity for a hearing, Plaintiff was not deprived of his rights under the Fifth Amendment.

The wage garnishment statute authorizes a guaranty agency to garnish the disposable pay of an individual to collect unpaid student loan debt, but only after providing notice and an opportunity for a hearing:

> the individual shall be provided written notice, sent by mail to the individual's last known address, a minimum of 30 days prior to the initiation of proceedings, from the guaranty agency or the Secretary, as appropriate, informing such individual of the nature and amount of the loan obligation to be collected, the intention of the guaranty agency or the Secretary, as appropriate, to initiate proceedings to collect the debt through deductions from pay, and an explanation of the rights of the individual under this section;
>
> ---
>
> the individual shall be provided an opportunity for a hearing in accordance with subsection (b) on the determination of the Secretary or the guaranty agency, as appropriate, concerning the existence or the amount of the debt, and, in the case of an individual whose repayment schedule is established other than by a written agreement

> pursuant to paragraph (4), concerning the terms of the repayment schedule;

20 U.S.C. § 1095a(a)(2) and (5).

Trellis's April 14, 2016 notice, attached as Exhibit A to Plaintiff's Amended Complaint, shows that Plaintiff was given the notice required by 20 U.S.C. § 1095a(a)(2) and an opportunity to a hearing as required by 20 U.S.C. § 1095a(a)(5). Furthermore, this process for notice and hearing complies with the Fifth Amendment to the Constitution. *See Savage v. Scales*, 310 F. Supp. 2d. 122, 134-35 (D.D.C. 2004); *Nelson v. Diversified Collection Servs.*, 961 F. Supp. 2d. 863, 868 (D. Md. 1997); *Sibley v. Diversified Collection Servs.*, No. 3:96-CV-0816-D, 1997 U.S. Dist. LEXIS 23583 at *18-19 (N.D. Tex. Jun. 11, 1997).

In any event, the alleged acts and omissions of Trellis do not qualify as "state action" subject to the Fifth Amendment. The Fifth Amendment restricts "only the Federal Government and not private persons." *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 462, 72 S. Ct. 813 (1952). While the Supreme Court has recognized an implied private right of action against "agents" of the United States, it has declined to find a private right of action for damages against a private entity acting under color of law. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515 (2001). Furthermore, a guaranty agency's contract with the Department of Education does not render it an "agent" of the United States. *Gingo v. U.S. Dep't of Educ.*, 149 F. Supp. 2d 1195, 1204-10 (E.D. Cal. 2000) (finding that Texas Guaranteed Student Loan Corporation is not a state actor); *Watkins v. Educ. Credit Mgmt. Corp.*, No. 2:10cv540, 2011 U.S. Dist. LEXIS 55328 at *25-28 (E.D. Va. May 12, 2011) (finding guaranty agency is not a state actor). Accordingly, Plaintiff's claims under the Fifth Amendment to the Constitution fail as a matter of law and should be dismissed with prejudice, without leave to amend.

### B. Seventh Amendment

Plaintiff conclusively asserts that his Seventh Amendment right to a trial by jury was violated, but his amended complaint is devoid of factual allegations explaining how he was denied a trial by jury or what questions of fact should be, or should have been, determined by a jury. Therefore, Plaintiff has failed to state a claim under the Seventh Amendment. *Trent v. Roberts*, No. 1:13cv275, 2014 U.S. Dist. LEXIS 83567 at *12 (W.D.N.C. May 12, 2014) (*adopted by Trent v. North Carolina*, 2014 U.S. Dist. LEXIS 83568 (W.D.N.C., Jun. 19, 2014)).

To the extent that Plaintiff asserts that he was entitled to a jury determination of whether he was indebted on the subject student loan, such a claim fails because the HEA provides for an administrative proceeding to determine the existence or amount of the debt. *Trent*, 2014 U.S. Dist. LEXIS at *12-13 (*citing Bennett*, 504 F. Appx. at 879). Furthermore, "in the absence of a specific statutory grant to the contrary, there is no right to a jury trial in administrative proceedings." *Wards Corner Beauty Acad. v. Nat'l Accrediting Comm'n of Career Arts & Scis.*, No. 2:16cv639, 2017 U.S. Dist. LEXIS 193941 at *23 (E.D. Va. Nov. 24, 2017) (*citing N.L.R.B. v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48, 57 S. Ct. 615 (1937)).

### C. Fourteenth Amendment

With respect to the claim Plaintiff asserts under the Fourteenth Amendment, Plaintiff does not specify whether that claim arises under the due process clause or the equal protection clause. Either way, such a claim fails as a matter of law. Reading the amended complaint as a whole, it appears that Plaintiff's Fourteenth Amendment claim is another due process claim. While the Fifth Amendment prohibits the federal government from depriving persons of due process, the Fourteenth Amendment applies this prohibition to the states. However, because Plaintiff alleges that Trellis was acting on behalf of the federal government and pursuant to a federal statute, his

due process claims should be analyzed under the Fifth Amendment and fails for the reasons outlined above. Moreover, as with Fifth Amendment, the Fourteenth Amendment does not apply to private actors. *Watkins*, 2011 U.S. Dist. LEXIS 55328 at *24 (citing Blum v. Yaretsky, 457 U.S. 991, 1002, 102 S. Ct. 2777 (1982)).

To state a claim for violation of the equal protection clause of the Fourteenth Amendment, a plaintiff "must allege facts that demonstrate that he was treated differently from others with whom he is similarly situated, and that the unequal treatment he experienced was the result of intentional or purposeful discrimination." *Trent*, 2014 U.S. Dist. LEXIS 83567 at *11 (*citing Hodge v. Gansler*, 547 F.App'x 209, 210 (4th Cir. 2013)). Plaintiff's amended complaint is devoid of any factual allegations showing that that Plaintiff was treated differently from similarly situated individuals as the result of intentional or purposeful discrimination, thus the amended complaint does not state an equal protection claim. *Id*.

### D. Bill of Attainder Clause

The Bill of Attainder Clause of the U.S. Constitution provides that "No Bill of Attainder or ex post facto Law shall be passed." U.S.C.A. Const. Art. 1, § 9, cl. 3. The Supreme Court has held that that "legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution." *United States v. Lovett*, 328 U.S. 303, 315, 66 S. Ct. 1073, 90 L. Ed. 1252 (1946). Also, [t]he proscription against bills of attainder reaches only statutes that inflict punishment on the specified individual or group." *Selective Service System v. Minnesota Public Research Group*, 468 U.S. 841, 851, 104 S. Ct. 3348, 82 L. Ed. 2d 632 (1984).

Although Plaintiff claims to have been subjected to a bill of attainder, he does not specify whether he is referring to the statute that authorizes guaranty agencies to issue wage garnishments or the order of withholding that was issued to Plaintiff's employer. The statute, 20 U.S.C. § 1095a, is not a bill of attainder because it applies to all student loan debtors and not just to Plaintiff. Furthermore, Plaintiff does not allege that this statute was enacted after he defaulted on his student loan, which would be necessary to show that the statute unlawfully singled him out for punishment without trial. *United States v. Johnson*, 845 F. Supp. 864, 868 (M.D. Fla. 1994). As for the order of withholding, it is not subject to the Bill of Attainder clause because it is not a legislative act. Therefore, Plaintiff's claims under the Bill of Attainder clause of the Constitution should be dismissed with prejudice and without leave to amend.

## **CONCLUSION**

The basis for Plaintiff's claims against Trellis is a wage garnishment that Trellis was authorized to issue pursuant to 20 U.S.C. § 1095a. Plaintiff's own amended complaint, at Exhibit A, shows that Trellis provided notice and an opportunity to be heard as required by that statute. Furthermore, the Higher Education act preempts state garnishment restrictions, thus Trellis was not obligated to obtain a judgment in state court prior to issuing the garnishment. Also, the Higher Education Act does not provide a private right of action against guaranty agencies. For these reasons, and as described above, each of Plaintiff's statutory and constitutional claims fail as a matter of law. Furthermore, because the actions complained of were lawful, any further amendment would be futile. Accordingly, this action should be dismissed with prejudice and without leave to amend.

WHEREFORE, PREMISES CONSIDERED, Defendant TRELLIS COMPANY prays that Plaintiff take nothing by reason of this suit, that Defendant be discharged and go hence without costs, without delay, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

MAURICE WUTSCHER LLP

//s//
Keith Wier; SBN: 21436100
13785 Research Blvd., Suite 125
Austin, Texas 78750
Telephone: (512) 949-5914
Telecopier: (888) 852-5729
Email: kwier@mauricewutscher.com

**ATTORNEY FOR DEFENDANT TRELLIS COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all parties or counsel of record via electronic mail and regular mail on this 5th day of October, 2018, as follows:

MATHEW M. NORTON
15127 Snow Hill Ct.
Sugar Land, TX  77498
Mnorton1287@gmail.com

//s//
Keith Wier